UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE MACKINNON,<br><br>        Plaintiff,<br><br>  v.<br><br>HOF'S HUT RESTAURANTS, INC.,<br>a California corporation,<br><br>        Defendant. | No. 2:17-cv-01456-JAM-DB<br><br>**ORDER GRANTING HOF'S HUT RESTAURANTS, INC.'S MOTION TO DISMISS** |

    Plaintiff Steve MacKinnon ("Plaintiff") made a dinner reservation at a Hof's Hut Restaurants, Inc.'s ("Defendant") restaurant and provided his phone number to receive confirmation of that reservation. Defendant then sent Plaintiff a text message confirming the reservation and providing a link to "View specials". Three months later Plaintiff filed this class action lawsuit. Compl., ECF No. 1. Defendant moves to dismiss the lawsuit. Mem., ECF No. 11. Plaintiff opposes. Opp'n, ECF No. 13. For the reasons below, the Court grants Defendant's motion to dismiss with prejudice.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for November 7, 2017. In deciding this motion, the Court takes as true all well-pleaded facts in the operative complaint.

1

# I. FACTUAL AND PROCEDURAL BACKGROUND

In April 2017, Plaintiff made a dinner reservation at Lucille's Smokehouse Bar-B-Que in Rocklin, California, a restaurant owned by Defendant. Compl. ¶¶ 4, 18. When making the reservation, Plaintiff was asked for and provided his cellphone number to the restaurant. See id. The restaurant later sent Plaintiff a text message reading:

> *Welcome to Lucilles Rocklin!*
> *Your reservation for 2 is set for 6:00 pm on 4/20/2017.*
> *View specials at hcguest.com/?r=3327914571*

Id. ¶ 22. In response, Plaintiff filed this class-action lawsuit on July 13, 2017, alleging that Defendant violated the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. §§ 227, *et seq.*, by sending the text message. Defendant moves to dismiss for failure to state a claim. See Mem.

# II. OPINION

Plaintiff concedes that he "likely provided express consent to Defendant to alert him when his dinner reservation was ready" but contends that this is insufficient to "absolve Defendant of liability [under the TCPA] because Defendant's message included or introduced advertising" which Plaintiff did not consent to receive in writing. See Opp'n at 2-3. The Court finds otherwise.

Under the TCPA, the three elements of a claim are: (1) the defendant called a cellular phone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent. Meyer v. Portfolio Recovery Assocs., LLC, 707 F.3d 1036, 1043 (9th Cir. 2012) (internal citation and quotation

marks omitted).  As for the first element, a text message
qualifies as a "call" within the TCPA.  Satterfield v. Simon &
Schuster, Inc., 569 F.3d 946, 954 (9th Cir. 2009).

For the third element, any call or text message that
includes or introduces an advertisement or constitutes
telemarketing cannot be made without the prior express written
consent of the called or texted party.  See Larson v. Harman
Mgmt. Corp., No. 1:16-CV-00219-DAD-SKO, 2016 WL 6298528, at *3
(E.D. Cal. Oct. 27, 2016) (citing 47 C.F.R. § 64.1200(a)(2)).
And a message qualifies as "telemarketing" or "advertising" if
it is issued for the purpose of encouraging the purchase or
rental of, or investment in, property, goods, or services.  47
C.F.R. § 64.1200(f)(12).  Courts approach the question of
whether a message constitutes advertising or telemarketing with
"a measure of common sense."  See Chesbro v. Best Buy Stores,
L.P., 705 F.3d 913, 918 (9th Cir. 2012).

All non-advertising or non-telemarketing calls or texts
made with an automatic telephone dialing system require only the
prior express consent of the called party—without having to be
in writing.  See Larson, 2016 WL 6298528 at *3 (citing 47 C.F.R.
§ 64.1200(a)(1)).

A.  Allegations of Telemarketing or Advertising

The Court finds that Defendant's text message confirming
Plaintiff's dinner reservation does not constitute telemarketing
or advertising because it is informative and non-telemarketing
in nature.  See Daniel v. Five Stars Loyalty, Inc., No. 15-CV-
03456-WHO, 2015 WL 7454260 (N. D. Cal. Nov. 24, 2015) (finding
that text message regarding "free pts" to be redeemed on

3

Defendant's website did not constitute advertising or telemarketing since it just informed plaintiff that joining a rewards program would result in free rewards points). Also, messages "whose purpose is to facilitate, complete, or confirm a commercial transaction that the recipient has previously agreed to enter into with the sender are not advertisements[.]" See In re Rules & Regs. Implementing the Tel. Consum. Prot. Act of 1991, 21 FCC Rcd. 3787, 3812 ¶ 49 (F.C.C., Apr. 6, 2006); see also Wick v. Twilio Inc., No. C16-00914RSL, 2017 WL 2964855 (W.D. Wash. July 12, 2017) (text message notifying the plaintiff that his order was incomplete and included a link to complete the order was not telemarketing because the message related to an order the plaintiff initiated). Similarly, Defendant's text message to Plaintiff confirming his dinner reservation only served to confirm an expected commercial transaction (eating at Defendant's restaurant) that Plaintiff had initiated. It was not an advertisement.

In addition, the phrase "View specials" does not somehow convert the text message into an advertisement. Plaintiff initiated the dining transaction by making a reservation at Defendant's restaurant. See Compl. ¶ 18. The link to view specials (even if it worked, which is apparently debated by the parties) would have facilitated Plaintiff's dining transaction by allowing him to view specials on his cellphone before sitting down for dinner. See In re Rules & Regs., 21 FCC Rcd. at 3812 ¶ 49.

Finally, Plaintiff cites Pedro-Salcedo v. Haagen-Dazs Shoppe Co., No. 5:17-CV-03504-EJD, 2017 WL 4536422 (N.D. Cal.

4

Oct. 11, 2017) in support of his argument that Defendant's text message was an advertisement or telemarketing, however, the case is from the Northern District of California and is not binding authority. Also, the facts are distinguishable from this case. In Pedro-Salcedo, the Northern District of California found that the text message in that case arguably constituted an advertisement because the words "Thank you for joining Haagen-Dazs Rewards! Download our app here:." meant that the transaction (registration for the rewards program) was complete without the text message. Id. at *1-2.

Here, in contrast, Plaintiff received a text message that confirmed a reservation for an upcoming dinner that Plaintiff initiated. See Compl. ¶ 18. And the "View specials" link would have facilitated the transaction that Plaintiff initiated (eating dinner at Defendant's restaurant). Plaintiff's reliance on Pedro-Salcedo as persuasive or binding authority is, therefore, misplaced. The Court finds that Plaintiff did not receive an advertisement or telemarketing text message from Defendant.

    B.    Allegations Regarding Consent

Because the Court finds that Defendant's text message to Plaintiff was not an advertisement, Plaintiff's written consent was not required before he received the text message. See Larson, 2016 WL 6298528, at *4. Instead, only Plaintiff's express consent was required (whether written or not). See Larson, 2016 WL 6298528, at *3. Plaintiff provided Defendant with express consent to receive a text message regarding his dinner reservation by providing his phone number to Defendant.

See Compl. ¶¶ 18, 20; see also Roberts v. PayPal, Inc., No. C 12-0622 PJH, 2013 WL 2384242, at *3-5 (N.D. Cal. May 20, 2013) (finding that prior express consent to receive a call is given when the called party voluntarily proffers his telephone number to the calling party); see also Baird v. Sabre Inc., 995 F. Supp. 2d 1100, 1102-03, 1106-07 (C.D. Cal. 2014) (finding that Baird's act of providing her cellphone number was a voluntary act and that, as a result, she consented to be contacted on her cellphone about flight-related matters).

Since the Court has found that Plaintiff's allegations establish that he provided the requisite consent to receive Defendant's text message, the inquiry ends. The Court need not, and does not, reach the issue of (1) whether Defendant used an Automatic Telephone Dialing System ("ATDS") in sending the text message giving rise to this lawsuit and (2) whether Plaintiff is within the zone of interest that Congress intended to be protected by the TCPA.

Finally, Plaintiff seeks leave to amend should the Court grant the motion to dismiss. Opp'n at 11. But the Court need not grant leave to amend where amendment would be futile. Deveraturda v. Globe Aviation Sec. Servs., 454 F.3d 1043, 1049-1050 (9th Cir. 2006). As explained above, Plaintiff has pleaded no facts that legally support his TCPA claim. And Plaintiff has not pointed to any additional facts showing that amendment could save his claim. The Court denies Plaintiff's request.

///

///

///

## III. ORDER

For the reasons above, the Court GRANTS Defendants' motion to dismiss WITH PREJUDICE.

IT IS SO ORDERED.

Dated: November 28, 2017

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE